# EXHIBIT A



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>RICHARD M STEWART | Case Number: 19SL-CC03524 |
|---|---|
| Plaintiff/Petitioner:<br>LYNDA GINSBURG | Plaintiff's/Petitioner's Attorney/Address<br>BRET CHARLES KLEEFUSS<br>1708 OLIVE STREET<br>SAINT LOUIS, MO 63103 |
| vs. | |
| Defendant/Respondent:<br>HOME DEPOT USA INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: HOME DEPOT USA INC
            Alias:

221 BOLIVAR ST
CSC LAWYERS INCORPORATING SERV
JEFFERSON CITY, MO 65101



*COURT SEAL OF*

*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>19-AUG-2019</u>
Date

_____ Clerk

Further Information:
AD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____       _____
Printed Name of Sheriff or Server       Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

My commission expires: _____   _____
                   Date             Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

**19SL-CC03524**

Electronically Filed - St. Louis County - August 16, 2019 - 01:56 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, 21st JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| LYNDA GINSBURG, | ) |
| Plaintiff, | ) |
| | )    Cause No. |
| vs. | ) |
| | )    Division No. |
| | ) |
| HOME DEPOT U.S.A., INC., | ) |
| A foreign corporation, | ) |
| | ) |
| **SERVE AT:** | ) |
| **Registered Agent** | ) |
| **CSC-Lawyers Incorporating Service Company** | ) |
| **221 Bolivar Street** | ) |
| **Jefferson City, Mo 65101** | ) |
| | ) |
| and | ) |
| | ) |
| JOE DIEFENBACH, | ) |
| An individual, | ) |
| | ) |
| **HOLD SERVICE** | ) |
| Defendants. | ) |

## PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Plaintiff, by and through undersigned counsel, and in support of her

Petition states:

### FACTS APPLICABLE TO ALL COUNTS

1.    Plaintiff is a female of legal age and a resident of the State of Missouri.

2.    Defendant Home Depot U.S.A., Inc. (Defendant or "Home Depot") is a foreign

corporation, registered in Missouri, and doing business in Missouri and in St. Louis County.

3.    Plaintiff worked for Defendants as a Selling Specialist / Kitchen Designer.

4.    Plaintiff earned wages and received other benefits.

5.    Defendant terminated Plaintiff in or around late July 2018.

Electronically Filed - St Louis County - August 16, 2019 - 01:56 PM

6.      Venue is appropriate because the events described in this Petition occurred in St. Louis County.

7.      Plaintiff filed a Charge of Discrimination against Defendant, which is attached and incorporated into this Petition as if fully set forth herein, and is marked as Exhibit **"A."**

8.      Plaintiff received her Right to Sue Letter from the MCHR, which is attached and incorporated into this petition as if fully set forth herein, and is marked as Exhibit **"B."**

9.      Defendant has not filed a Petition challenging the right to sue letter in Cole County.

10.      More than thirty days have passed since the right to sue letter was issued.

11.      Fewer than two years have passed since Plaintiff's termination.

12.      Plaintiff's Charge of Discrimination was filed within 180 days of her termination.

13.      Plaintiff's adult child suffers from a serious illness, which is a disability as that term is defined in the Missouri Human Rights Act ("MHRA").

14.      Plaintiff, therefore, has become the legal custodian of her grandchildren, pursuant to court order.

15.      During Plaintiff's employment, Plaintiff followed company policy and applied for leave to care for her grandchildren.

16.      The request for time off from work was the result of her son's disability, and was therefore a request for a reasonable accommodation for her son's disability.

17.      Defendant approved the request for intermittent leave pursuant to the Family and Medical Leave Act ("FMLA") around June 2017.

18.      In or around 2018, Plaintiff applied to renew the request.

19.      After Plaintiff's first request for accommodation, Home Depot hired manager Joe

Electronically Filed - St Louis County - August 16, 2019 - 01:56 PM

Diefenbach.

20.     Prior to Mr. Diefenbach's hiring, Home Depot had never had a problem with Plaintiff's accommodation and continued to allow Plaintiff 40 hours of work per week, and allowed Plaintiff to take every other weekend off from work.

21.     Once Mr. Diefenbach began working at the Chesterfield store, he began singling Plaintiff out and harassing Plaintiff.

22.     Mr. Diefenbach was upset that Plaintiff would take the reasonable accommodation of time off from work on the basis of her son's disability, including every other weekend.

23.     In May 2018, Mr. Diefenbach met with Plaintiff along with two other managers.

24.     The meeting was a sham, and was a part of an effort to create a paper trail in order to try to justify getting rid of Plaintiff.

25.     During the meeting, Plaintiff reported that she was suffering from disability discrimination as well as retaliation for taking FMLA leave.

26.     On the following day, Plaintiff called the Aware Line and reported disability discrimination and FMLA retaliation.

27.     That same day, Plaintiff reported the same to Kevin Longwell, Regional Manager, explaining that she was being singled out by Mr. Diefenbach.

28.     The following week, Plaintiff met with John Stevens (acting District HR Manager) and Jeremy Schaver (Store Manager).

29.     Mr. Stevens did not address Plaintiff's reports of discrimination and retaliation at all.

30.     Instead, Mr. Stevens threatened Plaintiff's employment unless she was the perfect, model employee for the following six months.

Electronically Filed - St Louis County - August 16, 2019 - 01:56 PM

31.     The following day, Ms. Ginsburg called human resources and talked to Tonya and reported that she was being discriminated and retaliated against.

32.     Tonya told Plaintiff that Russell Johnson, territory manager, would be calling.

33.     Nobody ever contacted Plaintiff about her report.

34.     When Plaintiff called back, she learned that her report had been closed, even though nobody had ever communicated with Plaintiff.

35.     Plaintiff opened another new case, but nobody ever contacted her about that case, either.

36.     A short time later, Plaintiff received a Homer Award for her "excellent customer service" on Job #30435.

37.     During July 2018, Plaintiff had to take ten days off from work pursuant to her FMLA leave and her son's disability.

38.     On the day she returned to work, Defendant terminated Plaintiff's employment.

**§213.010-137 RSMo (2017) PROVISIONS ARE UNCONSTITUTIONAL**

39.     While denying that any 2017 amendment to the Missouri Human Rights Act should apply to Plaintiff's case, should any Court apply any of the §213.010-137 RSMo (2017) amendments to any part of this case, Plaintiff states as follows: At all times mentioned herein, Defendant was an employer as defined in §213.010 RSMo.

40.     While denying that any 2017 amendment to the Missouri Human Rights Act should apply to Plaintiff's case, should any Court apply any of the §213.010-137 RSMo (2017) amendments to any part of this case, §213.010-137 RSMo (2017) and numerous particular provisions therein violate the Missouri Constitution and are therefore invalid and without legal effect.

Electronically Filed - St Louis County - August 16, 2019 - 01:56 PM

41.     While denying that any 2017 amendment to the Missouri Human Rights Act should apply to Plaintiff's case, should any Court apply any of the §213.010-137 RSMo (2017) amendments to any part of this case, §213.010-137 RSMo (2017) which purports to outline the rights and remedies available to employees claiming damages due to an unlawful employment practice and employees claiming to be a "protected person" under the act, violates:

    a.  plaintiff's right to equal protection of the law, guaranteed by Article I, Section 2 of the Missouri Constitution;

    b.  plaintiff's right to due process of law, guaranteed by Article I, Section 10 of the Missouri Constitution;

    c.  plaintiff's right to a certain remedy for every injury, guaranteed by Article I, Section 14 of the Missouri Constitution;

    d.  plaintiff's right to trial by jury, guaranteed by Article I, Section 22(a) of the Missouri Constitution, in that:

        i.  Suits at common law seeking monetary damages from the person causing harm existed prior to 1820;

        ii.  §213.010-137 RSMo (2017) limits the categories and amount of damages available to plaintiff;

        iii.  §213.010-137 RSMo (2017) eliminates a category of damages available at common law prior to 1820;

    e.  the separation of powers, established by Article II, Section I of the Missouri Constitution; and

    f.  the prohibition against special laws or exclusive right, privilege or immunity, established by Article III, Section 40(28) of the Missouri Constitution.

Electronically Filed - St Louis County - August 16, 2019 - 01:56 PM

## COUNT I: ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AGAINST HOME DEPOT U.S.A., INC.

42.    Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count I as if set forth fully herein.

43.    Defendant discriminated against Plaintiff because of her association with her child, who suffers a disability as that term is defined under the MHRA.

44.    Plaintiff's son's disability – i.e., Plaintiff's association with her disabled son – was a factor in Defendant's decision to terminate Plaintiff.

45.    Defendant resented Plaintiff's reasonable accommodation of taking time off from work, and instead fired Plaintiff in retaliation for the reasonable accommodation.

46.    Defendant treated Plaintiff differently than other employees who are not disabled or who do not have an association with disabled individual(s).

47.    Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under the MHRA.

48.    Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendant's illegal behavior described herein.

WHEREFORE Plaintiff Lynda Ginsburg respectfully prays for a trial by jury and for judgment against Defendant Home Depot U.S.A., Inc., for actual damages in an amount greater than $25,000, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

## COUNT II: RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AGAINST HOME DEPOT U.S.A.

49.    Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count II as if set forth fully herein.

Electronically Filed - St Louis County - August 16, 2019 - 01:56 PM

50.     Defendant retaliated against Plaintiff for requesting a reasonable accommodation.

51.     Requesting a reasonable accommodation is an activity protected by the MHRA.

52.     Plaintiff's request for a reasonable accommodation was a factor in her termination.

53.     Defendant knew or should have known of the illegal behavior described herein but refused to correct it and in fact ratified the behavior.

54.     Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under the MHRA.

55.     Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendant's illegal behavior described herein.

WHEREFORE Plaintiff Lynda Ginsburg respectfully prays for a trial by jury and for judgment against Defendant Home Depot U.S.A., Inc., for actual damages in an amount greater than $25,000, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

### COUNT III: RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AGAINST HOME DEPOT U.S.A., INC.

56.     Plaintiff restates and re-alleges each and every paragraph above and incorporates them into Count III as if set forth fully herein.

57.     Defendant retaliated against Plaintiff for reporting associational disability discrimination.

58.     Reporting associational disability discrimination is an activity protected by the MHRA.

59.     Plaintiff's report(s) of discrimination was/were a factor in her termination.

60.     Defendant knew or should have known of the illegal behavior described herein

Electronically Filed - St Louis County - August 16, 2019 - 01:56 PM

but refused to correct it and in fact ratified the behavior.

61.     Defendant's behavior described herein was outrageous and extreme and taken with reckless disregard of Plaintiff's rights under the MHRA.

62.     Plaintiff has suffered damages, including but not limited to emotional distress, lost wages and benefits, and humiliation, as a result of Defendant's illegal behavior described herein.

WHEREFORE Plaintiff Lynda Ginsburg respectfully prays for a trial by jury and for judgment against Defendant Home Depot U.S.A., Inc., for actual damages in an amount greater than $25,000, and punitive damages, together with the maximum rate of interest allowed by law, cost of suit, attorneys' fees, and for all other relief as the Court deems appropriate.

## COUNT IV: RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §§ 2611 *et seq.,* AGAINST HOME DEPOT U.S.A., INC.

63.     Plaintiff incorporates each and every preceding paragraph into this Count IV as if fully set forth herein.

64.     Plaintiff seeks to recover damages under an Act of Congress which provides for the protection of persons who take family or medical leave, namely the Family Medical Leave Act.

65.     Defendant Home Depot U.S.A., Inc., is located in St. Louis County and does transact business in St. Louis County.  The claims set forth in this count arose in St. Louis County.

66.     Plaintiff is an "eligible employee" within the definition of the Family Medical Leave Act.  At the time of the conduct giving rise to her causes of action herein, Plaintiff had been employed:  1) for at least 12 months by Defendant Home Depot U.S.A., Inc., and 2) for at least 1,250 hours of service with Home Depot U.S.A., Inc., during the previous 12-month period.

67.     At the time of the conduct giving rise to the causes of action herein, Defendant

Electronically Filed - St Louis County - August 16, 2019 - 01:56 PM

Home Depot U.S.A., Inc., qualified as an "employer" within the definition of the Family Medical Leave Act ("FMLA") because it was engaged in an industry or activity affecting commerce and employed fifty (50) or more employees within a 75-mile radius.

68.     Plaintiff lawfully requested and received intermittent leave under the FMLA during August 2017 and 2018.

69.     Mr. Diefenbach resented Plaintiff's intermittent FMLA, including her taking time off from work every other weekend.

70.     Mr. Diefenbach harassed Plaintiff, cut her hours of work, and ultimately terminated Plaintiff in retaliation for her engagement in using her FMLA rights.

71.     Home Depot's behavior described herein was at all times taken not in good faith, and so Plaintiff is entitled to liquidated damages.

72.     Home Depot's behavior described herein is outrageous and extreme, and was taken with intentional or reckless disregard for Plaintiff's rights.

73.     As a direct and proximate result of being discharged in violation of the Family Medical Leave Act, Plaintiff has been damaged in the following ways:

(a) she has lost and will lose wages, salary, and employment benefits, from July 28, 2018, potentially up to the date of trial;

(b) interest on the amount in subparagraph (a) above at the statutory rate;

(c) an additional amount as liquidated damages equal to the sum of the amounts in (a) and (b) above; and

(d) attorney's fees, expert fees and costs.

WHEREFORE Lynda Ginsburg respectfully requests that this Court enter judgment in her favor and find that Home Depot, U.S.A., Inc., unlawfully terminated and/or cut her hours in

Electronically Filed - St Louis County - August 16, 2019 - 01:56 PM

violation of the Family Medical Leave Act, and award to her compensatory damages, together with interest thereon, liquidated damages, front pay, attorney's fees, expert fees and costs, and any and all further relief as to this Court deems just and proper under the circumstances.

## COUNT V: RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §§ 2611 *et seq.,* AGAINST JOE DIEFENBACH

74.     Plaintiff incorporates each and every preceding paragraph into this Count V as if fully set forth herein.

75.     Plaintiff seeks to recover damages under an Act of Congress which provides for the protection of persons who take family or medical leave, namely the Family Medical Leave Act.

76.     Defendant Joe Diefenbach was Plaintiff's direct supervisor and responsible for the terms and conditions of Plaintiff's employment, including her work hours and her termination from employment in violation of the Family and Medical Leave Act.

77.     Plaintiff is an "eligible employee" within the definition of the Family Medical Leave Act.  At the time of the conduct giving rise to her causes of action herein, Plaintiff had been employed:  1) for at least 12 months by Defendant Home Depot, U.S.A., Inc., and 2) for at least 1,250 hours of service with Home Depot U.S.A., Inc., during the previous 12-month period.

78.     At the time of the conduct giving rise to the causes of action herein, Defendant Home Depot U.S.A., Inc., qualified as an "employer" within the definition of the Family Medical Leave Act ("FMLA") because it was engaged in an industry or activity affecting commerce and employed fifty (50) or more employees within a 75-mile radius.

79.     Plaintiff lawfully requested and received intermittent leave under the FMLA during 2017 and 2018.

80.     Joe Deifenbach resented Plaintiff's use of FMLA leave, including her taking time

Electronically Filed - St Louis County - August 16, 2019 - 01:56 PM

off from work every other weekend.

81.    Plaintiff reported Mr. Diefenbach's resentment and retaliation on multiple occasions to human resources and other in her chain of command.

82.    Mr. Diefenbach harassed Plaintiff, cut her hours, and ultimately terminated Plaintiff, in violation of the FMLA.

83.    Mr. Diefenbach's behavior described herein was at all times taken not in good faith, and so Plaintiff is entitled to liquidated damages.

84.    Mr. Diefenbach's behavior described herein is outrageous and extreme, and was taken with intentional or reckless disregard for Plaintiff's rights.

85.    As a direct and proximate result of being discharged in violation of the Family Medical Leave Act, Plaintiff has been damaged in the following ways:

(a) she has lost and will lose wages, salary, and employment benefits, from July 28, 2018, potentially up to the date of trial;

(b) interest on the amount in subparagraph (a) above at the statutory rate;

(c) an additional amount as liquidated damages equal to the sum of the amounts in (a) and (b) above; and

(d) attorney's fees, expert fees and costs.

WHEREFORE Lynda Ginsburg respectfully requests that this Court enter judgment in her favor and find that Joe Diefenbach unlawfully terminated and/or suspended her in violation of the Family Medical Leave Act, and award to her compensatory damages, together with interest thereon, liquidated damages, front pay, attorney's fees, expert fees and costs, and any and all further relief as to this Court deems just and proper under the circumstances.

Electronically Filed - St Louis County - August 16, 2019 - 01:56 PM

Respectfully submitted,

DATED: August 16, 2019

Respectfully submitted,

LAW OFFICES OF DERALD L. GAB, P.C.

/s/Bret Kleefuss
Bret C. Kleefuss, #59175
bretcharles@yahoo.com
Law Offices of Derald L. Gab
Attorneys for Plaintiff
1708 Olive Street
St. Louis, MO 63103
Phone: (314) 367-4878
Fax:    (314) 678-3998

## CERTIFICATE OF SERVICE

The undersigned certifies that this was efiled on August 16, 2019, and will be served according to law.

/s/Bret Kleefuss
Bret Kleefuss

09/04/2018  12:32   3144395291                    LAW OFFICE KWHITTLE:  **19SL-CC03524**

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

| | | ENTER CHARGE NUMBER |
|---|---|---|
| | | ☐ FEPA |
| | | ☐ EEOC 560-2018-02643 |

### MISSOURI COMMISSION ON HUMAN RIGHTS AND EEOC

| NAME Ms. Lynda Ginsburg | Date of Birth REDACTED | HOME TELEPHONE NO. (Include Area Code) Direct all communication to Charging Party's Attorney: Kristin Whittle Parke, (314) 439-5291 | |
|---|---|---|---|
| Street Address 2033 Whitman Court | | City, State and Zip Code Chesterfield, MO 63005 | County St. Louis |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME The Home Depot | NO. OF EMPLOYEES/MEMBERS >15 | TELEPHONE NUMBER (Include Area Code (636) 536-0675 |
|---|---|---|
| STREET ADDRESS 390 THF Boulevard | | CITY, STATE AND ZIP CODE Chesterfield, MO 63005 |
| NAME Joe Diefenbach, Assistant Store Manager of Specialty Sales | | TELEPHONE NUMBER (Include Area Code) (636) 536-0675 |
| STREET ADDRESS c/o The Home Depot 390 THF Boulevard | | CITY, STATE AND ZIP CODE Chesterfield, MO 63005 |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) ☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION ☐ NATIONAL ORIGIN   X RETALIATION   ☐ AGE X DISABILITY   X OTHER (Specify): (Association with an individual with a disability) | DATE DISCRIMINATION TOOK PLACE (Month) July 28, 2018    X CONTINUING ACTION |
|---|---|

**RECEIVED SEP 04 2018 EEOC ST. LOUIS DISTRICT**

I believe that I have been singled out, harassed, discriminated against and/or retaliated against on account of my son's disability (i.e., association with a person with a disability and/or perceived disability), and/or for failing to accommodate my request for a reasonable accommodation for my son's disability, in violation of the Missouri Human Rights Act, §§ 213.010 R.S.Mo. et seq., and the Americans With Disabilities Act, based upon the following:

I.      I began working at The Home Depot in or around January 2015, at the Chesterfield, Missouri store, Store #8994, as a Selling Specialist/Kitchen Designer. I was hired in to work 40 hours a week. My starting pay was $16.50/hour. On or about 12/28/15, my pay was increased from $16.50/hour to $16.83/hour. On 1/9/17, my pay was increased from $16.83/hour to $17.08/hour. On 2/19/18, my pay was increased from $17.08/hour to $17.42/hour, my ending pay.

II.     On 6/5/17, I requested a reasonable accommodation for my son's disability, namely I submitted Family Medical Leave Act ("FMLA") Certification of Health Care Provider Form – Family Member's Serious Health Condition (For Family & Extended Family Leaves of Absence) requesting FMLA leave (a reasonable accommodation for my son's disability) of every other week, holidays, and summer vacation to have custody for my two (2) grandchildren pursuant to a court order as their legal custodian (since my son, David, suffers from mental impairments/disabilities that substantially limit his abilities to work and has thus been deemed unable to act as legal custodian of his children). This Certification was completed by my son David's doctor, Vladimir Gelfand, M.D. The Home Depot deemed this initial paperwork insufficient, and asked to have my son's doctor provide additional information.

III.    Thus, on 6/20/17, I submitted a new Certification of Health Care Provider Form completed by my son David's doctor, Dr. Gelfand, to which I attached the court-ordered custody decree regarding my grandchildren. This reasonable request for an accommodation for my son's disability was approved for 2017.

IV.     In 2018, I applied for an extension of that 2017 reasonable accommodation for my son's disability (i.e., FMLA leave), which The Home Depot granted.

09/04/2018  12:32   3144395291                    LAW OFFICE KWHITTLE;                    PAGE  04

V.      Beginning when Joe Diefenbach started at the Chesterfield, Missouri store as the Specialty Sales Assistant Store Manager,
        he began harassing and singling me out as a result of my reasonable requests for my son's disability (FMLA leave
        request). Prior to that time, I had always been given 40 hours a week. Mr. Diefenbach was upset by the fact that I
        needed a reasonable accommodation for my son's disability/FMLA leave, since my co-worker, Mike McCue, had every
        weekend off and nights off (as a deal made by the Store Manager). This made it difficult for Mr. Diefenbach to cover
        nights and the weekends when I had to be off for FMLA because he did not have anyone to cover those shifts without
        Mr. McCue or myself. As a result, instead of accommodating my request for a schedule that accommodated my son's
        disability, Mr. Diefenbach, instead started cutting my hours, causing me to make less annually in 2017, than I made in
        2016 (even though I was making more per hour).

VI.     Prior to that time, I had not been subjected to any harassment, had worked 40 hours a week, and had always received the
        aforementioned periodic raises, and received regular awards, patches, and commendations for my outstanding
        performance. Moreover, prior to Mr. Diefenbach coming on board, The Home Depot employed Steven Berger, who
        filled on weekends when I was out on disability/FMLA leave. Mr. Berger transferred to the Sunset Hills Home Depot,
        which left no one to cover Kitchens on weekends when I was out on FMLA/disability leave.

VII.    Thus, my need to take leave to accommodate my son's disability leave infuriated Mr. Diefenbach, and he was looking for
        any reason at all to get I fired.

VIII.   On or about May 8, 2018, Mr. Diefenbach had a meeting with me regarding an alleged complaint by a customer and his
        wife about my customer service. Josh Frank (Department Manager) and Devan Ixta (Associate Support Department
        Supervisor) were present at that meeting. I prepared multiple designs for these customers, who were extremely difficult
        and wanted me to make house calls, which is not part of the job. Because Mr. Diefenbach was unhappy with my need to
        take leave to accommodate my son's disability and wanted to get rid of me, he used these customers' complaint as a
        sham to hide his true ulterior motive to get rid of me for taking leave to accommodate my son's disability and/or for my
        association with my son (an individual with a disability), making me unavailable to work every other weekend and weeks
        in the summer.

IX.     In that May of 2018 meeting, I brought up the fact that I believed that I was being singled out and retaliated against for
        taking leave for my son's disability. In addition, on or about the following day, May 9th, 2018, I called the Aware Line and
        made a report of the disability retaliation, Report #127537881. I spoke with Ms. Jovanna and was told that The Home
        Depot was going to look into Mr. Diefenbach's behavior and someone would get back with me. The same day, I called
        Kevin Longwell, Regional Manager, and left him a voicemail about what happened with Mr. Diefenbach and that I felt
        that I was being singled out and harassed by Mr. Diefenbach because I could not work every other weekend because of
        my request for the reasonable accommodation to take leave for my son's disability.

X.      Either Monday, May 14th, or Tuesday, May 15th, 2018, when I was off work, I talked to John Stephens (the acting District
        HR Manager while District HR Manager Jill Cappel was out on maternity leave), and they set up a meeting the following
        week. The following week, I met with John Stephens and Jeremy Schaver (Store Manager). In that meeting, instead of
        addressing my concerns about being singled out and harassed by Mr. Diefenbach on account of taking leave for my son's
        disability, Mr. Stephens focused on the husband and wife's complaint, and never addressed my concerns. Mr. Stephens
        told me that I had six (6) months to be the perfect, model employee, or else he would come in and dismiss me.

XI.     The following day, I called The Home Depot's HR, Case #23746827, and talked to Tonya and told her how John
        Stephens threatened my job in the meeting I had with them regarding the retaliation I felt for taking disability leave.
        Tonya told me that Russell Johnson (Territory HR Manager) would be contacting me; but, he never did. When I called
        back a couple weeks later, I learned my complaint/case had been closed, so I opened a new case, Case #23796728. I
        have never heard anything about that Case because I have since been termina[ted]

RECEIVED
SEP 04 2018
EEOC
ST. LOUIS DISTRICT

01:19:15 p.m. 09-04-2018    3    3    3144395291

09/04/2018  12:32    3144395291                LAW OFFICE KWHITTLE;                    PAGE  05

Charging Party: Lynda Ginsburg
Respondents: The Home Depot and Joe Diefenbach
EEOC/MCHR Charge of Discrimination
Page 3 of 3

XII.   On May 20, 2018, I received a Homer Award (Award #H-03607AS) congratulating me on "excellent customer service" on the Murphy job (Job #30435), a job that ended up being over $90,000 with the cabinets, installation, and tile work.

XIII.  On May 25, 2018, Jeremy Shaver sent Kevin Longwell (District Manager), an email stating:

Kevin [sic] Lynda had a raving fan in today. The Murphy family purchased 37k in cabinets for the bathrooms and kitchens. She worked hard on the design and they couldn't say enough about her. Way to go!!!!

Kevin Longwell replied, "Great work Lynda!!!"

XIV.  On July 28th, 2018, after I was off work for ten (10) days for leave to accommodate my son's disability to take care of my grandkids for their summer break pursuant to the Court's Order, I went in to work and was terminated.

XV.   I believe that the alleged reason that The Home Depot terminated me (for alleged poor customer service) was not the true reason they terminated me, but was merely a pretext for their true unlawful discriminatory/retaliatory reasons (i.e., for requesting the reasonable accommodation to take leave for my son's disability – FMLA leave – to take care of his kids pursuant to the Court's Order; for being associated with an individual having a disability and/or perceived disability; and/or complaining that I was being singled out and discriminated against on account of requesting the reasonable accommodation for my son's disability -- FMLA leave).

[X] I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

8/25/2018          x _Lynda Ginsburg_
Date                  Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

x _____
   SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month and year)

Commission #12571407
St. Louis County
June 17, 2020
My Commission Expires

NOTARY SEAL

RECEIVED

SEP 0 4 2018

EEOC
ST. LOUIS DISTRICT



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS   **19SL-CC03524**

# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | MELODY A. SMITH, ED.D. | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | ACTING COMMISSION CHAIR | EXECUTIVE DIRECTOR |

May 24, 2019

Lynda Ginsburg
2033 Whitman Court
Chesterfield, MO  63005

RE:  Ginsburg vs. The Home Depot et al
FE-9/18-29542   560-2018-02643

**NO RIGHT TO SUE on all Allegations against individual Respondent employees occurring
after August 28, 2017 - BECAUSE OF LACK OF JURISDICTION**

The MCHR has determined that it lacks jurisdiction over these allegations because statutory changes
that became effective on August 28, 2017, excludes individual employees from the definition of
"Employer" in the Missouri Human Rights Act. MCHR lacks jurisdiction over respondents that are not
covered by the MHRA, therefore, MCHR is administratively closing this case with regard to these
allegations as well and terminating all MCHR proceedings relating to these allegations.

**RIGHT TO SUE – on all other Allegations**

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this
notice of your right to sue under the Missouri Human Rights Act because you have requested a notice
of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the
respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county
in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later
than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this
notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or
reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same
practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint
in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR
YOUR RIGHT TO SUE IS LOST.**

(continued on next page)

| ☐ | ☐ | ☒ | ☐ |
|---|---|---|---|

| 3315 W. TRUMAN BLVD. | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1300 | 1410 GENESSEE, SUITE 260 | 108 ARTHUR STREET |
|---|---|---|---|---|
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | OZARK, MO 65721-1300 | KANSAS CITY, MO 64102 | SUITE D |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 417-485-6024 | FAX: 816-889-3582 | SIKESTON, MO 63801-5454 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | | FAX: 573-472-5321 |
| FAX: 573-751-2905 | | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

*(vertical text, right margin)* FE-9/18-29542  Administrative Use/Records

RE:   Ginsburg vs. The Home Depot et al
FE-9/18-29542    560-2018-02643

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court.  Any such petition must be filed in the circuit court of Cole County.

Respectfully,

Alisa Warren, Ph.D.
Executive Director


The Home Depot
Joe Diefenbach
390 THF Blvd.
Chesterfield, MO  63005


Kristin Whittle Parke
2700 Woodson Rd., Suite 200
St. Louis, MO  63114
*Via email*

3315 W. TRUMAN BLVD.    111 N. 7TH STREET, SUITE 903    P.O. BOX 1300    1410 GENESSEE, SUITE 260    106 ARTHUR STREET
P.O. BOX 1129    ST. LOUIS, MO 63101-2100    OZARK, MO 65721-1300    KANSAS CITY, MO 64102    SUITE D
JEFFERSON CITY, MO 65102-1129    PHONE: 314-340-7590    FAX: 417-485-6024    FAX: 816-889-3582    SIKESTON, MO 63801-5454
PHONE: 573-751-3325    FAX: 314-340-7238    FAX: 573-472-5321
FAX: 573-751-2905
*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov



# FILED



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI** SEP 13 2019

**JOAN M. GILMER**
**CIRCUIT CLERK, ST. LOUIS COUNTY**

| | |
|---|---|
| Judge or Division:<br>RICHARD M STEWART | Case Number:  19SL-CC03524 |
| Plaintiff/Petitioner:<br>LYNDA GINSBURG | Plaintiff's/Petitioner's Attorney/Address<br>BRET CHARLES KLEEFUSS<br>1708 OLIVE STREET<br>SAINT LOUIS, MO 63103 |
| vs. | |
| Defendant/Respondent:<br>HOME DEPOT USA INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |

**RECEIVED**

**AUG 30 2019**

**COLE COUNTY**
**SHERIFF'S OFFICE**
(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  HOME DEPOT USA INC
Alias:

**221 BOLIVAR ST**
**CSC LAWYERS INCORPORATING SERV**
**JEFFERSON CITY, MO 65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**19-AUG-2019**
Date

Further Information:
AD

_____
Clerk

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
CSC Lawyers , S.C. (name) Designee (title).
☐ other _____

Served at 350 E. High (address)
in Cole (County/City of St. Louis), MO, on 08-30-19 (date) at 800 Am (time).
Sheriff John P Wheeler by SP Aimee wha
Printed Name of Sheriff or Server    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*    Subscribed and sworn to before me on _____ (date).

My commission expires: _____   _____
Date    Notary Public

---

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.